IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FELIX MALDONADO, on behalf of himself and others similarly situated,** | **CIVIL ACTION** |
| **Plaintiff,** | **Docket No:** |
| v. | |
| **CERTIFIED AUTOMOTOVE LEASE CORP. DBA CAL AUTOMOTIVE** | **NOTICE OF REMOVAL** |
| **Defendant.** | Removed from the Superior Court of New Jersey, Law Division, Camden County |

Under to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendant Certified Automotive Lease Corp. d/b/a CAL Automotive, by and through their undersigned counsel, submits this notice of removal for the New Jersey state court action captioned *Felix Maldonado, on behalf of himself and all others similarly situated v. Certified Automotive Lease Corp., d/b/a CAL Automotive*, Case No. CAM-L-308-22 pending in Superior Court of New Jersey Law Division – Civil Part Camden County.

**BACKGROUND**

1.   On February 4, 2022, Plaintiff Felix Maldonado filed a putative class action in the Superior Court of New Jersey Law Division – Civil Part Camden County, captioned *Felix Maldonado, on behalf of himself and all others similarly situated v. Certified Automotive Lease Corp., d/b/a CAL Automotive*, Case No. CAM-L-308-22 that alleges individual and putative class claims. Exhibit 1, Decl. of Courtney Mazzio at 1 ¶ 3, NJ Dkt. 1.

2.   On February 7, 2022, Plaintiff filed an amended complaint, in which he alleges the existence of two separate classes: a Nationwide Class and New Jersey Subclass. Exhibit 1, at 1 ¶ 3, NJ Dkt. 5, First Amended Class Action Complaint. Defendant received service of the Amended Complaint on February 23, 2022, which was the first time that Defendant received

notice of the lawsuit. *See* Exhibit 2, Decl. of David Slobotkin ¶ 4. Plaintiff did not file a return of service in state court before this matter was removed to this Court. *See* Exhibit 1-A.

3. Plaintiff alleges that he was one of 68,837 persons who was sent a letter in October 2021 informing him of a data security incident at CAL Automotive that could have resulted in unauthorized access to his personal information by a third-party criminal. *See* Exhibit 1, NJ Dkt. 5, First Amended Class Action Complaint ¶ 45. He alleges four causes of action that arise from the data security incident. He asserts three counts on behalf of himself and the Nationwide Class: (1) negligence; (2) breach of implied contract; and (3) unjust enrichment. *Id.* ¶¶ 89-130. Plaintiff asserts the fourth count on behalf of Plaintiff and the New Jersey Subclass: Violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §56:8-1, *et seq. Id.* at ¶¶ 131-145.

4. The First Amended Class Action Complaint does not identify a specific amount of damages sought as relief. Rather, Plaintiff categorically alleges that he and the Class are entitled to actual damages, statutory damages, equitable relief, restitution, disgorgement, attorney's fees, pre-judgment and post-judgment interest, and statutory costs. *Id.* Counts 1-4. Plaintiff is also seeking injunctive relief. *Id.*

5. The First Amended Class Action Complaint names Certified Automotive Lease Corp. d/b/a CAL Automotive as the sole defendant.

6. Under 28 U.S.C. §§1441(a), 1446 and 1453, the action is removable to this Court because the procedural requirements for removal are satisfied and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005 ("CAFA").

7. Under 28 U.S.C. §1446(d), promptly after filing this Notice of Removal, Defendant will give written notice to Plaintiff and to the Superior Court of New Jersey Law Division – Civil Part Camden County of its filing of this Notice of Removal.

## BASIS FOR REMOVAL

### I. Defendant satisfied the procedural requirements for removal.

8. Defendant received a copy of the complaint on February 23, 2022 by summons left with a person at its Voorhees, NJ location. *See* Exhibit 2, ¶4. CAL Automotive had not received a copy of the complaint or notice of the lawsuit before February 23, 2022. *Id.* Made within 30 days of its receipt of the First Amended Class Action Complaint, this notice of removal is timely under 28 U.S.C. §1446(b).

9. Venue is proper in this Court because it corresponds to the district and division where this litigation was filed. The Superior Court of New Jersey Law Division – Civil Part Camden County is located in the District of New Jersey, Camden Division. *See* 28 U.S.C. §1441(a).

10. As required under 28 U.S.C. §1446(a), true and correct copies of all process pleadings, and orders served upon Defendant are attached to this notice. *See* Exhibit 1-A.

### II. This Court has subject matter jurisdiction under 28 U.S.C. §1332(d).

11. Under CAFA, this Court has jurisdiction over the putative class action because: (1) the putative classes exceed 100 members; (2) at least one putative class member has a different citizenship from Defendant; (3) the amount that Plaintiff seeks to recover in class relief exceeds $5 million in the aggregate, exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. §1332(d).

**A. The putative classes exceed 100.**

12.     Under CAFA, a proposed class must consist of at least 100 persons. *See* 28 U.S.C. §1332(d)(5). The Complaint seeks to certify two separate classes: (1) the Nationwide Class and (2) the New Jersey Subclass.

13.     Plaintiff defines the Nationwide Class as "all residents of the United States whose personal information was compromised as a result of the Data Breach." He defines the New Jersey Subclass as "all residents of New Jersey whose personal information was compromised as a result of the Data Breach." *See* Exhibit 1-A, NJ Dkt. 5, First Amended Class Action Complaint ¶ 19.

14.     He also alleges that the Defendant reported that there are at least 86,637 Class Members scattered throughout the United States. *See id.* ¶22. The figure is likely a typographical error in Plaintiff's Complaint. Notice of the security incident was sent to 68,837 individuals. *See* Exhibit 3, Decl. of Denyl Green. Plaintiff also references the correct figure later in the First Amended Class Action Complaint. *See* Exhibit 1-A NJ Dkt. 5, First Amended Class Action Complaint ¶51. Accordingly, this matter satisfies CAFA's class-size requirement. *See Kendall v. CubeSmart, L.P.*, No. 15-cv-6098 (FLW)(LHG), 2015 WL 7306679, at *3 (D.N.J. Nov. 19, 2015).

**B. There is minimal diversity to establish CAFA jurisdiction.**

15.     Under CAFA there must also be minimal diversity, which exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. §1332(d)(2)(A). "Class members" include "named and unnamed" persons that "fall within the definition of the proposed or certified class in a class action." *Id*. at §1332(d)(1)

4

16. Exhibit 3-B gives a state-by-state breakdown of the recipients of notice and shows that more than two-thirds of the putative class members are citizens in states other than New Jersey. Defendant is a citizen of New Jersey.

17. CAFA's requirement of minimal diversity is satisfied here. *See* 28 U.S.C. §1332(d)(2)(A).

**C. The $5 million amount in controversy requirement is satisfied.**

18. Under CAFA, the aggregate amount in controversy must exceed $5 million exclusive of interest and costs. *See* 28 U.S.C. §1332(d)(2).

19. "[A] defendant's notice of removal needs to include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "A defendant's plausible allegations regarding the amount in controversy will…ordinarily suffice[;] however, where 'the plaintiff contests a removing defendant's showing on the amount in controversy, a court must apply a preponderance of the evidence standard to determine whether the amount in controversy satisfies CAFA's requirements.'" *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 587, 597 (D.N.J. 2016) (citation and internal quotation); *see also Grace v. T.G.I. Fridays, Inc.*, No. 14-cv-7233 (RBK) (KMW), 2015 WL 4523639, at *7 (D.N.J. July 27, 2015).

20. Where the plaintiff has not specifically alleged in the complaint that the amount in controversy is less than the jurisdictional minimum, the challenger to subject matter jurisdiction has to prove, to a legal certainty, that the amount in controversy cannot exceed the statutory threshold. *Lawton v. Basic Research*, No. 10-6341 (NLH)(AMD), 2011 U.S. Dist. LEXIS 36169, at *5-6 (D.N.J. Mar. 31, 2011) (internal citations omitted).

21. Plaintiff has not specifically alleged that the amount in controversy is less than the jurisdictional minimum.

22. Plaintiff alleges, on behalf of himself and the putative class, entitlement to actual damages, statutory damages, equitable relief, restitution, disgorgement, attorney's fees, pre-judgment and post-judgment interests and statutory costs. *See* Exhibit 1-A, NJ Dkt. 5, First Amended Class Action Complaint, Counts 1-4. As discussed above, the putative class in this action totals 68,837 individuals.

23. While Defendant maintains that Plaintiff and the putative class are not entitled to any damages, it is reasonable to draw the conclusion that the amount that Plaintiff seeks in relief is more than $5 million given the size of the potential class and the damages alleged by Plaintiff. Even a small amount of damages sought on behalf of each class member would result in an amount in controversy that exceeds $5 million in the aggregate.

24. Accordingly, the total amount in controversy exceeds CAFA's $5 million jurisdictional threshold. *See e.g., Portillo*, 169 F. Supp. 3d at 597 ("Defendants' objective and factually-grounded estimates easily meet their burden of establishing the requisite amount in controversy by a preponderance of the evidence."); *see also Kendall,* 2015 WL 7306679, at *5 (finding that the defendants have shown by a preponderance of the evidence that the amount in controversy exceeds the $5 million jurisdictional threshold).

**D. The exceptions to CAFA do not apply.**

25. CAFA's discretionary and mandatory exceptions don't apply. *See* 28 U.S.C. §1332(d)(3)-(4). A district court may decline jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally

filed, based on a series of considerations. *See* 28 U.S.C. §1332(d)(3). In contrast, "a district court shall decline to exercise jurisdiction…over a class action in which greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and the "primary defendants are citizens of the State in which the action was originally filed." *See* 28 U.S.C. §1332(d)(4)(A) and (B).

26.     Here, 17,586 individuals in the putative class are citizens of New Jersey, which is less than one-third of the putative class are residents of New Jersey, so the exceptions to CAFA do not apply.

## CONCLUSION

27.     Accordingly, because Defendant has demonstrated that all prerequisites for CAFA jurisdiction have been met and none of the exceptions apply, this matter is properly removable.

**WHEREFORE**, Defendant respectfully requests that this Court exercise its CAFA jurisdiction over this action.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

By:    */s/ Courtney K. Mazzio*
       Justin J. Boron NJ # 250422019
       Courtney K. Mazzio NJ # 131372015
       3 Executive Campus Suite 350
       Cherry Hill, NJ 08002-4127
       (856) 406-1270
       jboron@fmglaw.com
       cmazzio@fmglaw.com
       *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Courtney K. Mazzio, Esquire, attorney for Defendant Certified Automotive Lease Corp. d/b/a CAL Automotive, hereby certify that on March 18, 2022, I served a true copy of the foregoing Notice of Removal on the following counsel for Plaintiff by way of electronic mail and First-class Mail, postage pre-paid:

Jonathan Shub, Esq.
Kevin Laukaitis, Esq.
Shub Law Firm, LLC
134 Kings Hwy E., Fl. 2
Haddonfield, NJ 08033


Dated: March 18, 2022            By:   */s/ Courtney K. Mazzio*
                                       COURTNEY K. MAZZIO